*Court of Appeals, First Circuit, Parish of Red River.*

AUGUST, BERNHEIM & BAUER *v.* J. C. & J. M. BROWN.*

1. A *cessio bonorum*, under the insolvent laws of Louisiana, is not a bar to a suit by non-resident creditors, even in a State Court, where such creditors have not participated in the proceedings.
2. Such creditors may urge their suits to personal judgment even before the insolvent proceedings are at an end, provided they do not interfere with the property surrendered.
3. Non-resident creditors, being without the territorial jurisdiction of the courts of this State, cannot be cited in such insolvent proceedings through an attorney for absent creditors.
4. Even such creditors, however, cannot interfere with the distribution of the assets surrendered and the judgments they may obtain, notwithstanding the *cessio bonorum* can be levied only upon property subsequently acquired by the debtor.

*Appeal from the Tenth Judicial District Court, Parish of Red River. Logan, Judge.*

*Montfort S. Jones* for plaintiffs, appellants.

*L. B. Watkins* for defendants.

MONCURE, J.—These cases come before us on appeal from a judgment of the District Court for the parish of Red River, ordering that further proceedings in the suits shall be stayed pending the progress of the insolvent proceedings.

The defendants, under the insolvent laws of this State, have applied to have themselves declared insolvents, and have been, as appears from the evidence, formally discharged, their cessions having been accepted by the judge, a meeting of the creditors called, and the usual order of stay of proceedings against their persons and property entered. The meeting of the creditors has been held and the cession has been accepted by them also.

---

* This case was consolidated for trial with two others, involving the same issues, viz.: Watkins & Gilland *v.* J. & C. Brown, and M. Dauner & Co. *v.* same defendants. The opinion and decree applied to all; but to avoid confusion in citation of the case, the title only of the first of the three has been used.—Reporter.

The plaintiffs in these suits are all non-residents of the State, and the question to be determined under the rule in these cases is, shall the stay of proceedings ordered by the judge against the persons and property of the insolvents apply to them. We think it should not, even in the courts of this State.

The surrender has been consummated, and nothing now remains to be done but to distribute the property surrendered among the creditors who have accepted the cession, and who are bound by the laws of this State to submit to its results. It might be contended that even those not subject to the authority of our laws could be restrained from proceedings in our own courts which would embarrass these insolvent proceedings until the surrender was perfected and the property of the insolvent placed beyond the reach of such judgments as they might obtain; but we are at a loss to perceive what purpose is to be subserved by a further stay after the property of the insolvents is so disposed of that it may be distributed without the interference of those creditors who are not bound by the cession, and who prefer to obtain judgments rather than participate in the distribution. What is the object of this stay of proceedings? Clearly that all claims against the property to be distributed shall be adjudicated, *in concurso*, by the judge before whom the creditors of the insolvent are cited. All resident creditors may be cited, and are therefore bound by the adjudication. All non-resident creditors may voluntarily come in and participate, and to give them an opportunity to do so, they are cited through an attorney for the absent creditors; but we do not think that the citation through such attorney binds them by the proceedings if they reside beyond the jurisdiction of our courts and are not, by virtue of their residence, or the character of their debts, subject to the authority of our laws. The plaintiffs in these suits surrender their participation in the distribution of the property of the insolvents and claim that they have the right, under the law, to proceed in said suits to obtain judgments, to be executed alone upon the

future property which may be acquired by the defendants Have they the right, under the law, to do so?

As to them, the question, in the present attitude of the cases, is not whether the cession may be pleaded as a stay to their proceedings, but in actual bar to those proceedings. All that could be accomplished by a stay has been accomplished. To stay proceedings further and indefinitely is to operate as a bar to the judgments they claim the right, under the law, to obtain. We are then met directly by the question whether the surrender and discharge of the defendants may be opposed as a bar to the right of the plaintiffs to put their claims in judgment in the State courts.

The case chiefly relied upon by the defendants to sustain this plea, which we are forced to consider as one in bar, is that in 8 La. An. 318. The most that can be claimed for the decision in that case is, that a contract made in Louisiana, and between parties residing in Louisiana, must be subjected to and controlled by the laws of Louisiana, and that the vested rights of the parties to such a contract could not be divested by the transfer of the contract to a resident of another State. The opinion of Judge Slidell, in his concurring opinion in this case, is succinctly what we have stated was the conclusion of the Court, divested of the prolixity of reasoning by which Judge Ogden arrives at the same conclusion. Besides, even admitting all the reasoning by which the conclusion is reached, we are told by Chief Justice Marshall, in the case of Ogden *vs.* Saunders, that it is a general rule, "that the positive authority of a decision is co-extensive only with the facts on which it is made." But no such state of facts exists in either of the cases we are considering as existed in the case of The Northern Bank of Kentucky *v.* Squires. There is a decision in 10 La. An. 145, which is more recent, in which the Court says: "In his review of the jurisprudence of the United States on this subject, Mr. Chancellor Kent said: 'It will be perceived that the power of the States over this subject is, at all events, exceedingly narrowed and cut down, and as the decisions now

stand the debt must have been contracted after the passage of the act, and the debt must have been contracted within the State and between citizens of the State, or else a discharge will not extinguish the remedy against the future property of the debtor.'" This opinion of Judge Kent seems to have been adopted by Judge Voorhies as the organ of our own Court.

But the decisions of the Courts of the United States, much later in date than our own, have decided that the mere residence of a creditor beyond the limits of the State puts him beyond the control of our insolvent laws, and that, as we have no power to cite him before our courts, so he is not bound by the discharge of his debtor under our insolvent laws. The case referred to in 1 Wallace, 223, which sustains this view, is a full and complete review of the preceding authorities upon this question, and it loses none of the force of its authority by the fact that the decision is delivered by Judge Clifford, who has always been recognized as exceptionally sound upon the question of the rights of the States and the powers of their courts. In this decision, the doctrine is clearly stated and established that a discharge under the insolvent laws of a State is not a bar to the action of a creditor residing in a different State, who has not proved his debt against the insolvent in the insolvency proceeding, nor in any manner been a party to those proceedings. The authorities, up to the time it was rendered, fully sustain this decision, and there is no decision of the United States Courts since which at all conflicts with it. This also seems to be the current of decisions of the State Courts, and we do not doubt but that the Supreme Court of this State, with the light of the case in 1 Wallace and other recent authorities before it, would put itself in the same current. These United States authorities are later than our own, and we do not feel at liberty to disregard them, upon the strength of an apparent conflict between them and a single case in our own courts, decided some ten years previously.

That the plaintiffs have the right, at some time in the future, to obtain judgments on their claims, even in the State Courts,

does not seem to be seriously denied by any one ; but when that time is to come, or upon the happening of what events, we are not informed. We think they are clearly entitled to judgments, either in the State Courts or the United States Courts, and we can see no reason why they should not be allowed to obtain them now. Of course, if they proceed on their claims to judgment, they abandon their right to any interest in the cession or distributive share in the property surrendered. They will not be allowed in any wise to disturb the insolvent proceedings, nor must they attempt to execute their judgments, when obtained, against any other than property acquired by the insolvents subsequent to their complete discharge.*

For the foregoing reasons it is, therefore, ordered and decreed that the judgments appealed from be avoided and reversed, and that these cases be remanded to the District Court to be proceeded with according to law, and that defendants pay the costs of this appeal.

Rehearing refused.

---

*These cases were determined before the rendition by the Supreme Court of its opinion in Orr & Lindsay v. Lisso & Scheen, 33 La. An. 476; but the Court of Appeals, of the First Circuit, re-examined the questions involved in the same cases, as upon later appeals, and abided by its original ruling.— Reporter.